IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) ) | |
| D. L. GEORGE & SONS MANUFACTURING, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation for opposing discriminatory employment practices, and to provide appropriate relief to Diana M. Tsai, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 and 8 below, Defendant, D. L. George & Sons Manufacturing, Inc., discriminated against Ms. Tsai when it subjected her to a hostile work environment because of her sex, female. The Commission further alleges that Defendant, D. L. George & Sons Manufacturing, Inc., retaliated against Ms. Tsai by terminating her employment on January 6, 2006, after she complained about the sexually harassing behavior of her male co-workers. As a result of the discrimination, Ms. Tsai suffered back pay losses and emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United Stated Courts for the Middle District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant, D. L. George & Sons Manufacturing, Inc. ("D. L. George & Sons" or "Defendant Employer""), has continuously been doing business in the State of Pennsylvania, and the City of Waynesboro, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Diana Tsai filed an

individual charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2005 Defendant D. L. George & Sons has engaged in unlawful employment practices at its Waynesboro, Pennsylvania, facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a) Diana Tsai began her employment with Defendant Employer in or about April or May 2004 as a temporary employee at Defendant's Waynesboro, Pennsylvania facility.

(b) On or about September 20, 2004, Ms. Tsai was hired as a full-time permanent Water Jet Operator, and maintained this position until her termination on January 6, 2006.

(c) In or about late November 2005, Ms. Tsai's two male co-workers began to subject her to a sexually offensive work environment by regularly referring to her as "Bitch" and "Dyke."

(d) Ms. Tsai repeatedly objected to her co-workers' use of these derogatory slurs, but the sexual harassment continued.

(e) On or about December 2, 2005, Ms. Tsai's male co-workers plastered her computer screen with several sexually explicit post-it notes which contained several sexually vulgar and insulting phrases.

(f) In addition to referring to Ms. Tsai by sexually offensive terms, the same two male co-workers began sabotaging her work equipment so it would not function properly and moving her chair to prevent her from working.

(g) On or about December 16, 2005, after she could no longer withstand the sexually harassing work environment, Ms. Tsai complained to Defendant's female Assistant Manufacturing Manager.

(h) Despite Ms. Tsai formal complaint to Defendant, her two male co-workers continued to harasser her and continued to regularly refer to her as "Bitch" and "Dyke."

(i) On or about January 3, 2006, Defendant called Ms. Tsai to a meeting with upper management to discuss her complaint of harassment. During this meeting, Defendant's manager yelled at Ms. Tsai and demanded that she and her co-worker "all get along or be terminated."

(j) Even after the Defendant reported to Ms. Tsai that they addressed her complaints of harassment with the alleged harassers, Ms. Tsai's two male co-workers continued to harass her by referring to her in a sexually offensive manner and refusing to assist her with her job duties as directed by Defendant.

(k) Defendant Employer knew or should have known that Ms. Tsai was being subjected to a sexually offensive and harassing work environment based on her sex, but failed to take prompt effective measures to stop the harassment and simply demanded that Ms. Tsai and her male harassers "get along."

8. Since at least December 2005 Defendant D. L. George & Sons has engaged in unlawful employment practices at its Waynesboro, Pennsylvania, facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Diana Tsai to retaliation for her opposition to discriminatory employment practices. These unlawful retaliatory practices include, but are not limited to, the following:

(a) Beginning in or about December 16, 2005, Ms. Tsai complained to Defendant that her male co-workers were subjecting her to a sexually offensive work environment by referring to as "Bitch," "Dyke" and other sexually vulgar and insulting terms.

(b) After Ms. Tsai's initial complaint of harassment Defendant failed to take effective remedial action and her male co-workers continued to subject her to a sexually harassing work environment.

(c) On or about January 6, 2006, Defendant again met with Ms. Tsai to scold her for not working with her alleged harassers. During this meeting, Ms. Tsai informed Defendant that she continued to be harassed and further questioned Defendant's demands that she "greet and acknowledge" her harassers.

(d) Defendant failed to address Ms. Tsai's continued complaints and instead its Manager stated, " I know what I have to do now." Later that day, on January 6, 2006, Defendant terminated Ms. Tsai's employment.

9. The effect of the practices complained of in paragraph 7 and 8 above have been to deprive Diana Tsai of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, and in retaliation for engaging in protected activity protected under Title VII.

10. The unlawful employment practices complained of paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above, were done with malice and/or reckless indifference to the federally protected rights of Diana Tsai.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer D. L. George & Sons, its officers, successors, assigns, and all persons in active concert or participation with it, from terminating employees in retaliation for engaging in protected activity.

B.  Grant a permanent injunction enjoining Defendant Employer D. L. George & Sons, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in other employment practices which discriminates against employees on the basis of sex.

C.  Order Defendant Employer D. L. George & Sons to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

D.  Order Defendant Employer D. L. George & Sons to make whole Diana Tsai by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement, or in lieu thereof, front pay.

E.  Order Defendant Employer D. L. George & Sons to make whole Diana Tsai by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

F.  Order Defendant Employer D. L. George & Sons to  make whole Diana Tsai by providing compensation for past and future nonpecuniary losses resulting from the unlawful

6

practices complained of in paragraphs 7 and 8 above, including pain and suffering, humiliation, loss of life's pleasures, in amounts to be determined at trial.

  G. Order Defendant Employer D. L. George & Sons to pay Diana Tsai punitive damages for its malicious and/or reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  H. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COPPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PHILADELPHIA DISTRICT OFFICE

*Jacqueline H. McNair*
JACQUELINE H. MCNAIR
Regional Attorney

*Terrence R. Cook*
TERRENCE R. COOK
Supervisory Trial Attorney

*Dawn M. Edge*
DAWN M. EDGE
Trial Attorney

U.S. EEOC, Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2687(direct)
(215) 440-2848(fax)
Dawn.Edge@eeoc.gov

8